IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILEY FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-CV-189-WKW [WO] |
| ) | |
| CITY OF MONTGOMERY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

Under consideration is Defendants' motion for leave to file an amended answer outside of the time allotted by the scheduling order. (Doc. # 18.) Defendants filed the motion at this late date because they did not plead the defense of statute of limitations in their answer (Doc. # 6), and now wish to raise that affirmative defense in their summary judgment motion that is due today, November 5, 2010. (Doc. # 16.) For the following reasons, Defendants' motion is due to be denied.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party that seeks to amend a responsive pleading outside of the license of Rule 15(a)(1) may only do so with the court's leave. Rule 15(a)(2) commands that "[t]he court should freely give leave when justice so requires." That command is modified in this case because the July 6, 2010 scheduling order deadline for amending pleadings has passed. (Doc. # 16, at § 4.) A party seeking to amend a pleading after the deadline established in the scheduling order "must show good cause why

leave to amend the complaint should be granted." *See* Fed. R. Civ. P. 16(b); *Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007).

In their motion, Defendants' focused on the liberal amendment standard of Rule 15(a)(2), and have not addressed the good cause standard required by Rule 16(b). That said, Defendants have presented grounds for the court to analyze their motion under the more rigorous good cause standard. Defendants' argue that leave should be granted because they recognized only upon preparing for summary judgment that the events underlying the case occurred on March 2, 2008, and not March 3, 2008 as originally detailed in statements taken by the Montgomery Police and the investigation report prepared by the City Attorney's office. (Doc. # 18, ¶¶ 2-3.) Defendants erroneously relied on these documents in crafting their answer, rather than the Arrest Report, Uniform Incident/Offense Report, Medic Run Report, and two memos associated with the case that they admitted were available to them. (Doc # 18, ¶ 3.) Because Plaintiff did not file his complaint until March 3, 2010, Defendants now seek to add the affirmative defense of statute of limitations to their amended answer. (Doc. # 1.)

Defendants have failed to establish good cause for amending their pleadings, and therefore their motion is due to be denied. To establish good cause under Rule 16(b), "the party seeking [leave of court] must have been diligent." *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1319 (11th Cir. 2008). Defendants admit that they possessed the documents establishing that the events in question occurred on March 2, 2008. In fact, these predicate documents were created and signed by Defendants themselves. Defendants' counsel

contends, however, that due to "budget shortfalls and staffing shortages, defense counsel had a paralegal prepare initial disclosure documents, and was unaware of the dates on the subject documents." (Doc. # 18, ¶ 3.)  Such an excuse may have met the liberal amendment standard of Rule 15(a)(2) if filed prior to July 6, 2010, but it shows a lack of diligence on the part of Defendants' counsel that will not satisfy the good cause standard required at this late date.

Accordingly, it is ORDERED that Defendants' motion for leave to file an amended answer is DENIED.

DONE this 5th day of November, 2010.

                                                /s/ W.  Keith Watkins
                                    UNITED STATES DISTRICT JUDGE