IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILEY FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| v.   ) | CASE NO. 2:10-CV-189-WKW [WO] |
| ) | |
| THE CITY OF MONTGOMERY, ) | |
| a municipality, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff Wiley Fisher's ("Mr. Fisher") motion to alter or amend the final judgment and motion to supplement the record (Docs. # 34, 36). Defendants, the City of Montgomery and Officers Loria, Peterson, and Stallworth, responded (Doc. # 40), and moved to strike (Doc. # 41) exhibit A of Mr. Fisher's motion to supplement the record. Mr. Fisher makes two arguments in his motion to alter or amend the final judgment: (1) that the court incorrectly calculated the statute of limitations; and (2) that the court improperly excluded Officer Peterson's conduct on March 2, 2008, in assessing Mr. Fisher's municipal liability claim for "denial of medical treatment." Finding no errors of law or fact in the Memorandum Opinion and Order ("Mem. Op." (Doc. # 32)), Mr. Fisher's motions are due to be denied.

Rule 59 of the Federal Rules of Civil Procedure governs motions to alter or amend the judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation marks and citations omitted). "A Rule 59(e) motion cannot be used to

relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (internal quotation marks and citations omitted).

A.  **Calculating Time for Purpose of the Statute of Limitations**

Mr. Fisher argues that the court erred in finding that his non-continuing March 2, 2008 claims were barred by the two-year statute of limitations. (Doc. # 35, at 1-2.)  Mr. Fisher cites Rule 6(a)(1) of the Federal Rules of Civil Procedure, which provides that in calculating a time period that is "stated in days or a longer unit of time," the court "exclude[s] the day of the event that triggers the period."  The court followed Rule 6(a)(1) when it found that by filing his suit on March 3, 2010, Mr. Fisher's March 2, 2008 claims were barred by the two-year statute of limitations. (Mem. Op. 14.); *see, e.g., Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995).  To put it simply, the day the triggering event occurs is "Day 0" for purposes of the statute of limitations, and the two-year anniversary of "Day 0" (not "Day 0" plus one day) is the last day of the statute of limitations period.

Mr. Fisher had until 11:59 p.m. on March 2, 2010, to file his suit for the claims that occurred and accrued on March 2, 2008, but he failed to do so.  Mr. Fisher fails to demonstrate manifest error in part V.A of the Memorandum Opinion and Order, and his Rule 59(e) motion is due to be denied on this claim.

B.  **Municipal Liability for Deliberate Indifference to Medical Needs**

Mr. Fisher argues that the court erred in granting summary judgment on his municipal liability claim against the City for its policy or custom that allegedly proximately caused a "denial of medical treatment" violation. (Doc. # 35, at 3-5; *see also* Mem. Op. 20-21.)  More

specifically, Mr. Fisher claims that the court erred in finding that, "[b]ecause Mr. Fisher has not produced any evidence of the identity of the individuals causing his violation, the court is unable to conduct the threshold inquiry into whether there exists an underlying constitutional violation for a deliberate indifference to a medical need." (Mem. Op. 20-21.) Mr. Fisher now asserts that the requisite inquiry can be made for the purposes of municipal liability because Officer Peterson allegedly denied medical care to Mr. Fisher on March 2, 2008, outside the Montgomery City Jail. (Doc. # 35, at 3-4.)[1]  The City opposes this argument on the basis that Mr. Fisher made no deliberate indifference to medical needs claim against Officer Peterson, any such claim would be barred by the statute of limitations, and Mr. Fisher is attempting to "graft" Officer Peterson's identity onto the alleged actions of jail officials from March 2-3, 2008, in the Montgomery City Jail in order to escape summary judgment.

Mr. Fisher's argument fails. First, Officer Peterson played no role in Mr. Fisher's *timely* claims against the City for deliberate indifference to medical needs, and Mr. Fisher failed to provide evidence of the identities of the individuals involved in those timely claims. (Mem. Op. 18 ("Mr. Fisher has failed to raise a genuine issue of material fact that the Defendant police officers were personally involved in the events giving rise to his *timely*

---

[1] Mr. Fisher wrongly characterizes the Memorandum Opinion and Order as finding that the continuing violation doctrine "made viable both the March 2, 2008, and March 3, 2008, constitutional medical denial claims" underpinning his claim of municipal liability. (Doc. # 35, at 3.) The Memorandum Opinion and Order speaks for itself: "Mr. Fisher's allegations of constitutional violations for the City's medical inattention *during his jail cell confinement* from March 2 through March 3, 2008 constitute a continuing injury that did not accrue until he was removed from the jail cell on March 3, 2008." (Mem. Op. 16 (emphasis added).)

3

allegations of constitutional deprivations.") (emphasis added).)  Perhaps the order would have been more clear had it stated, "Because Mr. Fisher has not produced any evidence of the identity of the individuals causing his [*timely deliberate indifference to medical needs*] violation, the court is unable to conduct the threshold inquiry into whether there exists an underlying constitutional violation for a deliberate indifference to a medical need." (Mem. Op. 20-21.)  The conduct of Officer Peterson on March 2, 2008, is separate and distinct from the conduct of the jail officials on March 2-3, 2008.  Any deliberate indifference to medical needs claim against Officer Peterson occurred and accrued on March 2, 2008, and is therefore barred by the statute of limitations.  *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (discussing accrual of a § 1983 cause of action); (*see* Mem. Op. 12-13.).  Mr. Fisher cites no law, and the court is not aware of any, allowing a plaintiff to base a viable municipal liability claim solely on an underlying constitutional violation that is time-barred.

Second, and perhaps more important, Mr. Fisher's opposition to summary judgment on municipal liability for "denial of medical treatment" makes no mention of a claim against Officer Peterson.  (Doc. # 25, at 10-12.)  Mr. Fisher included a "Statement of Facts" in his opposition to summary judgment, but otherwise left it to this court and Defendants to discern the scope of his claims, the evidence in support of such claims, and the law governing those claims.  (Doc. # 25, at 1-4, 10-12; Mem. Op. 10 n.12.)  In his argument in opposition to summary judgment, Mr. Fisher stated that "the *facts* supporting Plaintiff's Section 1983 constitutional claims of excessive force and denial of medical care are well plead [sic], specific, and are anything but 'vague and conclusory.'" (Mem. Op. 10 (emphasis added).)

4

The source of these argued facts was a pasted and underlined version of the *pleadings* in his Complaint. (Doc. # 25, at 10-11.) This citation was followed by argument concerning federal pleading standards, standards hardly pertinent to a motion for summary judgment. (Doc. # 25, at 11-12.)

The court notes two serious deficiencies in Mr. Fisher's opposition to summary judgment on municipal liability for "denial of medical treatment." First, the underlined pleadings made no mention of any Defendant, much less Officer Peterson, "turn[ing] away the Fire Medics" as a stated factual basis for his "denial of medical treatment" claim. (Doc. # 25, at 10-11.) In fact, the cited pleadings make no mention of a "denial of medical treatment" claim at all.

Second, in his opposition, Mr. Fisher failed to cite to any evidentiary support for his argument that there were "facts supporting [Mr. Fisher's] Section 1983 constitutional claim[] of . . . denial of medical care." The City met its burden of showing that there was no genuine issue of material fact as to the underlying "denial of medical treatment" claim; thus, the burden shifted to Mr. Fisher to establish, with evidence beyond the pleadings, that a genuine issue of fact material to each of his claims for relief existed. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008); *Ryan v. Int'l Union of Operating Eng'rs, Local 675*, 794 F.2d 641, 643 (11th Cir. 1986) ("A party may not rely on his pleadings to avoid judgment against him."); (Mem. Op. 16-22; Doc. # 26, at 6-7.). Mr. Fisher failed to meet his burden, neither citing the elements of a claim for deliberate indifference to medical needs, nor citing to evidence, beyond the pleadings, in support of such elements. *See Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986) (Applicable substantive law identifies those facts that are material.); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments.") (internal citations omitted); (Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or other materials."); Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.").

Mr. Fisher included a Statement of Facts at the opening of his opposition to summary judgment, but did nothing to argue how those stated facts were material to the elements of a municipal liability claim for deliberate indifference to medical needs. If any error was made concerning Mr. Fisher's "denial of medical treatment" claim against the City, that error was reaching the merits of his claim at all. Mr. Fisher fails to demonstrate manifest error in part V.B of the Memorandum Opinion and Order, and his Rule 59(e) motion is due to be denied on this claim.

Accordingly, it is ORDERED that Mr. Fisher's motion to alter or amend the final judgment (Doc. # 34), and motion to supplement record (Doc. # 36) are DENIED.  It is further ORDERED that Defendants' motion to strike (Doc. # 41) is DENIED as moot.

DONE this 5th day of May, 2011.

                                             /s/ W.  Keith Watkins
                                    UNITED STATES DISTRICT JUDGE